UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| N.F., a minor, by and through his Guardian Ad Litem, MELANIE FLYTE,<br><br>Plaintiff,<br><br>v.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT,<br><br>Defendant. | Case No. 4:19-cv-02453-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**<br><br>Re: Dkt. Nos. 29-1 |

On November 19, 2019, Plaintiff N.F., by and through his guardian ad litem, filed a motion to supplement the administrative record. (Pl.'s Mot., Dkt. No. 29-1.)

On February 20, 2020, the Court held a hearing, and after careful consideration of the parties' arguments and the applicable legal authority, for the reasons set forth below, GRANTS IN PART AND DENIES IN PART Plaintiff's motion to supplement the administrative record.

## I. BACKGROUND

Plaintiff and Defendant Antioch Unified School District ("AUSD" or "District") participated in an administrative due process hearing on December 11, 12, 13, and 14, 2018 before the California Office of Administrative Hearings ("OAH"). On February 6, 2019, the administrative law judge ("ALJ") issued a decision and order in that matter, in which the District prevailed on all issues.

On November 19, 2019, Plaintiff filed a motion to supplement the administrative record. (Pl.'s Mem. of P. & A. in Supp. of Mot., "Pl.'s Mot.," Dkt. No. 29-1.) On December 10, 2019, Defendant filed an opposition. (Def.'s Opp'n, Dkt. No. 30.) On December 17, 2019, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 31.)

//

## II. LEGAL STANDARD

Judicial review in cases challenging administrative decisions under the Individuals with Disabilities Education Act ("IDEA") is substantially different from those challenging other agency actions, in which courts are generally "confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993)(citations omitted). Instead, IDEA expressly "provides that 'the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.'" *Id.* at 1471 (quoting 20 U.S.C. § 1415(e)(2)).

Even so, not all evidence is considered "additional evidence" that the district court shall consider pursuant to 20 U.S.C. § 1415(i)(2)(C)(ii). *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1004 (9th Cir. 2011). Instead, "additional evidence" is limited to "evidence that is non-cumulative, relevant, and otherwise admissible". *Id.* at 1005. This includes, but is not limited to, evidence concerning relevant events that occurred after the administrative hearing or "after-acquired evidence [that] 'may shed light' on the objective reasonableness of a school district's actions at the time the school district rendered its decision." *E.M.*, 652 F.3d at 1004 (citing *Adams v. Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999)).

Under IDEA, the district court "has a continuing obligation to ensure that the state standards themselves and as applied are not below the federal minimums[.] … [This obligation] persists despite any state administrative rulings on federal law or state recodifications of federal law." *E.M.*, 652 F.3d at 1005 (quoting *Town of Burlington v. Dept. of Ed.,* 736 F.2d 773, 792 (1st Cir.1984), *aff'd*, 471 U.S. 359 (1985)). The statutory requirement that federal courts consider additional evidence when evaluating state administrative rulings in the IDEA context demonstrates that the district court is responsible for ensuring that the minimum standards set forth in the federal education law are enforced. *See E.M.*, 652 F.3d at 1005.

## III. DISCUSSION

Plaintiff seeks to supplement the administrative record to include 1) any documents pertaining to AUSD's May 2016 assessment of N.F. for autism, 2) any records of broken bones

suffered by AUSD staff due to N.F.'s behavior, 3) the due process complaint filed by AUSD on January 11, 2018, and 4) all nonprivileged records regarding any lawsuit or claims against Sierra School that allege harms against AUSD students attending Sierra School prior to AUSD's determination to place N.F. at Sierra School. (Pl.'s Mot. at 6.)

The Court will address each document category below.

### A. March 2016 Assessment Documents

Plaintiff seeks to obtain and supplement the administrative record with all documents related to the March 2016 autism assessment performed by the District. (Pl.'s Mot. at 6, 8.) Plaintiff contends that the District only produced the final assessment report. *Id.* at 8. He explained that AUSD hired Dr. Valerie Lopes to conduct a psychoeducational evaluation of N.F., and she created a written report, dated May 23, 2016. (Pl.'s Mot. at 9; AR Vol. IV, 1651.) N.F.'s parents then made several requests for his educational files, and later sought any missing assessment records through a subpoena duces tecum at the hearing, but never received any other documents. (Pl.'s Mot. at 9-10; Decl. of Tania L. Whiteleather, "Whiteleather Decl.," Dkt. No. 29-3 at 1:25-3:2.)[1] The ALJ quashed the subpoena on the grounds that there were no additional records to produce. (Whiteleather Decl. at 2:25-3:2; Def.'s Opp'n at 3.) Plaintiff contends that the records are relevant, because the May 2016 assessment is contradicted by the assessment performed by Dr. Carina Grandison, who concluded that N.F. did have autism, and Plaintiff required the protocols and testing records from Dr. Lopes's assessment to determine whether her assessment was legally compliant. (Pl.'s Mot. at 10.)

In opposition, AUSD contends that it confirmed with Dr. Lopes that she had no testing protocols or other materials concerning Plaintiff's May 2016 assessment, and that "there are no additional records concerning the May 2016 assessment conducted by Dr. Lopes that have not already been produced by the District." (Def.'s Opp'n at 3.)

In reply, Plaintiff points out that the District did not clearly state that no such records exist.

---

[1] Plaintiff's counsel is advised that declarations should be formatted in numbered paragraphs. Counsel also need not include "blue backs" in her chambers copies, as the Northern District does not require them.

3

(Pl.'s Reply at 3.) Instead, the District represents that all documents have been produced. *Id.* at 3-4. Plaintiff states that the issue would be resolved if the District provided a declaration that it does not have any records pertaining to the May 2016 assessment other than the final assessment report. *Id.* at 4.

The Court agrees. Indeed, the District could have stated that the only documents in its possession pertaining to the May 2016 assessment is the final assessment report. Stating that Dr. Lopes had no additional records in her possession does not equate to what may be in the District's possession.

At the hearing, AUSD clarified that Dr. Lopes did not retain the protocols for the May 2016 assessment, but believed that it did not possess the protocols or any other documents besides the final report that has already been produced. Plaintiff explained that the protocols should have been the property of the District because the District retained Dr. Lopes to perform the assessment.

Accordingly, the District is ordered to perform another search for documents, including the protocols, related to the May 2016 assessment. If no documents are found, the District shall file a declaration that states that no other documents exist. If additional documents are located, they shall be produced immediately and included in the administrative record.

**B.  Records of Broken Bones and Injuries Caused by N.F.'s behavior.**

Next, Plaintiff seeks to supplement the administrative record with any records of injuries caused by N.F. (Pl.'s Mot. at 11-13.) Specifically, Plaintiff seeks the incident report that documents the broken bone that Principal Mark Hemauer testified to at the administrative hearing. *Id.* at 12.

In opposition, the District argues that this request for incident reports should be denied as cumulative, because the documents are already part of the administrative record. (Def.'s Opp'n at 4.) Defendant contends that the letter sent by Mr. Hemauer on November 15, 2017 (AR 1654-55) notified Parents that N.F. was suspended for throwing chairs, including one that hit his teacher. (Def.'s Opp'n at 4.) Defendant also points to the January 24, 2018 notice that noted the incident where N.F. threw a chair at a teacher "causing injury." *Id.* (citing AR 1664). The District then cites to other documents in the administrative record pertaining to N.F.'s behavior. (Def.'s Opp'n

4

at 5.)

The District, however, is conflating a notation that N.F. threw a chair at his teacher "causing injury" with behavior that results in a broken bone. Without otherwise specifying, the phrase "causing injury" appears to be relatively benign, while a broken bone or fracture is significant. If N.F.'s behavior caused his teacher to break a bone, one would expect that the extent of the injury would be noted in an incident report, particularly if the principal testified to that fact at the hearing.

At the hearing, the District was unsure whether such documents exist. Thus, the District is ordered to conduct another search of its records for any documents pertaining to serious injuries, including broken bones, caused by N.F.'s behaviors. The Court finds that such records are not cumulative, and shall, to the extent that they exist, be included in the administrative record. If no such documents exist, the District shall provide a declaration attesting to that fact.

### C. Due Process Complaint

Plaintiff seeks to supplement the administrative record with the January 11, 2018 due process complaint filed by the District to remove N.F. from his current educational placement. (Pl.'s Mot. at 13.) In opposition, the District contends that the document is already contained in the administrative record. (Def.'s Opp'n at 5.) In reply, Plaintiff clarified that the ALJ denied its admission at the administrative hearing, and it requires formal admission to be considered part of the official administrative record. (Pl.'s Reply at 2.)

Accordingly, while Plaintiff provided no legal authority in support of this request, in an abundance of caution, and because it is unclear why the ALJ denied its admission when questions about the complaint were asked at the hearing, the Court grants Plaintiff's request to admit the January 11, 2018 due process complaint into the administrative record.

### D. Claims alleging harm at Sierra School

Finally, Plaintiff requests to supplement the record with "claims against AUSD and Sierra School regarding harms to AUSD students at Sierra School." (Pl.'s Mot. at 5.) Plaintiff claims that Parents were not given information regarding harm reported by other parents, and, therefore, could not properly consent to Sierra School as an interim alternative educational setting for N.F.

(Pl.'s Mot. at 5, 16.)

In opposition, the District argues that any records alleging claims by others against Sierra School are not relevant to this case, because N.F. never attended Sierra School. (Def.'s Opp'n at 5.)

In reply, Plaintiff does not address the relevance issue based on the fact that N.F. never attended. Rather, the reply merely reiterates the argument, without providing any legal authority, that, absent information pertaining to other students' claims, Parents were unable to "'meaningfully participate' in their agreement to allow AUSD to identify Sierra School as N.F.'s placement." (Pl.'s Reply at 7.) This argument is unavailing.

Accordingly, the Court denies the request to augment the administrative record to include claims by others alleging harm at Sierra School.

## IV. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART Plaintiff's motion to supplement the administrative record. Specifically, the administrative record shall be supplemented to include, to the extent they exist, any records pertaining to the May 2016 assessment, any records of broken bones suffered by AUSD staff due to N.F.'s behavior, and the due process complaint filed by AUSD on January 11, 2018.

The District shall conduct a thorough search for all documents sought and shall file a supporting declaration, if necessary, on or before March 17, 2020.

IT IS SO ORDERED.

Dated: February 25, 2020

KANDIS A. WESTMORE
United States Magistrate Judge